UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Terrance M. Humphries    )
    )
v.    )
    )    CIVIL ACTION NO. _____
Officer Sean Paul and    )
City of Boston    )
    )

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Terrance Humphries, and does hereby bring the following Complaint in the above-captioned matter. Plaintiff demands a jury trial.

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and the Massachusetts Civil Rights Act arising out of an incident of police brutality and excessive force whereby the plaintiff, Terrance Humphries, was unjustifiably hit, pushed, battered and beaten by officers with blunt objects resulting in injury while plaintiff was lawfully attending a birthday party in Dorchester, Massachusetts. The beating by officers resulted in plaintiff sustaining a broken arm, cuts, scrapes and other lacerations. Plaintiff suffered pain and other injury long after the incident. Defendants are jointly and severally liable for violating Plaintiff's rights under the Constitution of the Commonwealth of Massachusetts.

## THE PARTIES

2. Plaintiff Terrance M. Humphries is an individual who resides at 21 Christopher Rd., #14, Randolph, County of Norfolk, Massachusetts.

3. Defendant Officer Sean Paul is, upon information and belief, a police officer employed by the City of Boston, acting under color of law at all times relevant to this Complaint and is sued in his individual and official capacities.

4. Defendant City of Boston, Massachusetts is a municipality within the County of Suffolk, Massachusetts.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. s. 1331 because it arises under the laws of the United States, specifically 42 U.S.C. s. 1983. This Court has supplemental jurisdiction over the other presented claims in accordance with 28 U.S.C. s. 1367.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. s. 1391(b) and (c) because a substantial part of the events and/or omissions giving rise to the claims occurred in this District and because Defendants are subject to personal jurisdiction in this District

## FACTS

7. On or about July 14, 2013 the Plaintiff was an invitee at a party at a residence located at 66 Regis Rd, Dorchester, when police responded to an incident occurring outside of the property and unrelated to the party.

8. The attendees of the party moved to the street due to the commotion to see what was happening.

9. It was discovered that an argument had broken out and a fight began.

10. While attempting to break up one fight and defuse a situation outside of the home, the Plaintiff was approached and accosted by Boston Police, specifically the Defendant, Officer Sean Paul of the C103A unit.

11. Mr. Humphries was charged with assault and battery on a police officer and disorderly person, both charges of which he was acquitted following trial in Dorchester District Court.

12. During the incident, Mr. Humphries was threatened and physically assaulted by Officer Paul and another police officer.

13. Specifically, Mr. Humphries was struck by Officer Paul using his police baton despite the existence of any actual, imminent threat by the Plaintiff.

14. Officer Paul's actions were in violation of the Boston Police Rules for Use of Non-Lethal Force and used excessive force against Mr. Humphries, grossly disproportionate to any risk posed by the Plaintiff.

15. Mr. Humphries possessed no weapon, was at a distinct size advantage, and posed no actual threat to the officers on scene.

16. The police report states that Officer Paul "struck Mr. Humphries in the meaty portion of the left thigh with his department issued expandable baton." Mr. Humphries was transported to Carney Hospital in Boston following the incident.

17. The Plaintiff was treated for injuries on other parts of his body, most notably including a broken arm. Medical records indicate that the broken arm was the

result of blunt force trauma consistent with the use of force with a dangerous object, to wit, a police baton.

18. As a direct result of the unlawful, malicious, intentional and negligent acts of Officer Paul, the Plaintiff sustained a serious and painful bodily injury for which he has incurred costs of examination and treatment. He was unable to work or pursue gainful employment for several months following the incident. Further, Officer Paul violated Mr. Humphries' Constitutional and civil rights through physical abuse resulting in serious injury.

COUNT I
VIOLATION OF 42 U.S.C. s. 1983
(Humphries v. Defendant Officer Paul)

19. Plaintiff realleges Paragraphs 1-18 and incorporates said Paragraphs herein by this reference.

20. Defendant Officer Paul, acting under color of law, deprived the Plaintiff of his rights under the Fourth and Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. s. 1983.

21. While interacting with and arresting the Plaintiff, Defendant Officer Paul used physical force, which was clearly excessive in light of the circumstances surrounding the event.

22. Plaintiff suffered damages incurred as a result of the events of July 14, 2013. These damages include bail fees, medical expenses and other costs.

## COUNT II
### VIOLATION OF 42 U.S.C. s. 1983
### (Humphries v. City of Boston)

23. Plaintiff realleges Paragraphs 1-22 above and incorporates said Paragraphs herein by this reference.

24. In violation of 42 U.S.C. s. 1983, Defendant City of Boston, through its acts and omissions, showed a deliberate indifference to Plaintiff's constitutional rights and caused Plaintiff to suffer a deprivation of his constitutional rights by:

    a. Failing to take advantage of easily available measures to ensure its officers did not engage in constitutional violations;

    b. Failing to adequately train its officers in the use of force; and

    c. Tolerating a custom and practice in which officers use excessive force.

## COUNT III
### VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT (M.G.L. c. 12 s. 11I)
### (Humphries v. Defendant Officer Paul)

25. Plaintiff realleges Paragraphs 1-24 above and incorporates said Paragraphs herein by this reference.

26. Defendant Officer Paul, through threats, intimidation and physical violence, interfered with Plaintiff's exercise and enjoyment of rights secured by the Constitutions of the United States and Massachusetts in violation of M.G.L. c. 12 s. 11I.

## COUNT IV
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT (M.G.L. c. 12 s. 11I)
### (Humphries v. City of Boston)

27. Plaintiff realleges Paragraphs 1-26 above and incorporates said Paragraphs herein by this reference.

28. Defendant Officer Paul violated Plaintiff's civil rights through threats, intimidation and physical violence in violation of M.G.L. c. 12 s. 11I

29. Defendant City of Boston is liable to Plaintiff for violations of the Massachusetts Civil Rights Act committed by its employee Defendant officer Paul because:

   a. Defendant Officer Paul was acting within the scope of his employment at the time of the violation;

   b. In serving his employer, Defendant Officer Paul intentionally threatened, intimidated, and used physical force against the Plaintiff, causing harm, and;

   c. Such force was authorized, expressly and implicitly, by Defendant City of Boston.

## COUNT V
## ASSAULT AND BATTERY
### (Humphries v. Defendant Officer Paul)

30. Plaintiff realleges Paragraphs 1-29 above and incorporates said Paragraphs herein by this reference.

31. Defendant Officer Paul intentionally placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact and intentionally used force amounting to harmful and offensive touching of the Plaintiff.

32. Plaintiff has suffered damages as a result of Defendant Officer Paul's actions.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Humphries v. Defendant Officer Paul)

33. Plaintiff realleges Paragraphs 1-32 above and incorporates said Paragraphs herein by this reference.

34. Defendant Officer Paul intended to inflict emotional distress on Plaintiff or knew or should have known that emotional distress was likely to result from his use of excessive force in arresting Plaintiff.

35. Defendant Officer Paul's conduct was extreme and outrageous and Plaintiff has suffered severe emotional distress as a result of this conduct.

36. Plaintiff has suffered and continues to suffer damages as a result of Defendant Officer Paul's intentional infliction of emotional distress.

## COUNT VII
## FALSE ARREST
### (Humphries v. Defendant Officer Paul)

37. Plaintiff realleges Paragraphs 1-36 above and incorporates said Paragraphs herein by this reference.

38. Defendant Officer Paul intentionally and unjustifiably arrested Plaintiff.

39. Defendant Officer Paul intentionally restrained Plaintiff with the use of handcuffs.

40. Plaintiff was aware of his confinement by Defendant Officer Paul.

41. Plaintiff has suffered damages as a result of the false arrest and imprisonment.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court award:

1. Compensatory damages against all Defendants, jointly and severally;

2. Punitive damages against all individual Defendants;

3. The costs of this action, including reasonable attorneys' fees and costs; and

4. Such other relief as this Court may deem necessary and appropriate.

<u>Jury Demand</u>

The Plaintiff demands a trial by jury on each claim asserted or hereafter asserted in the Complaint and on each defense asserted by the Defendants.

Respectfully Submitted,
The Plaintiff,
By his Attorney

Andrew G. Bunnell, Esq.,
BBO# 670514
Scafidi Juliano LLP
5 Campbell St
Woburn, MA 01801
781.210.4710 (t)
781.210.4711 (f)
abunnell@scafidijuliano.com

July 8, 2016